IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

MICHELLE NEZOVICH,
      Petitioner,

vs.                                 Case No.  3:11cv46/LC/CJK

KENNETH S. TUCKER,
      Respondent.
_____

## REPORT AND RECOMMENDATION

Before the Court is an amended petition for writ of habeas corpus filed under 28 U.S.C. § 2254.  (Doc. 6).  On November 4, 2011, respondent moved to dismiss the petition for lack of exhaustion.  (Doc. 23).  Petitioner has not responded, although given the opportunity to do so.  (Doc. 25).  The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B).  After careful consideration, the undersigned concludes that no evidentiary hearing is required for the disposition of this matter.  Rule 8(a) of the Rules Governing Section 2254 Cases in the United States District Courts.  The undersigned further concludes that the pleadings and attachments before the Court show that petitioner has not exhausted her state court remedies, and that the amended petition should be dismissed.

BACKGROUND AND PROCEDURAL HISTORY

On October 18, 2010, petitioner was convicted of two counts of drug trafficking and three counts of selling cocaine in the Circuit Court for Escambia County, Florida. (Doc. 6, p. 1; Doc. 23, Ex. A). The convictions were pursuant to petitioner's counseled no contest pleas. (*Id*.). Petitioner was sentenced to concurrent fifteen-year terms of imprisonment. (*Id*.). Petitioner timely filed a notice of appeal in the Florida First District Court of Appeal ("First DCA"). The appeal was assigned Case No. 1D-10-6045. (Doc. 23, Ex. C).[1]

On January 3, 2011, petitioner filed her original federal habeas petition in this Court. (Doc. 1). An amended petition was filed on February 15, 2011. (Doc. 6). Petitioner's amended petition raises five grounds for relief, including claims that petitioner was deprived of her right to a speedy trial, denied effective assistance of counsel, coerced into entering her pleas, entrapped, and punished excessively. (*Id*., pp. 4-5, 8). Petitioner states that none of her claims have been raised in state court, explaining that "appeal lawyer plans to dis-miss [sic] case." (*Id*., pp. 4-5).

Back in state court, on February 23, 2011, petitioner's appellate counsel filed an *Anders*[2] brief in petitioner's direct appeal. (Ex. C). Appellate counsel simultaneously moved to permit petitioner to file a *pro se* brief, which the First DCA granted. (Exs. D, E). Petitioner filed a *pro se* Initial Brief on March 30, 2011. (Ex. F). On August 12, 2011, appellate counsel moved to withdraw her *Anders* brief and file an amended initial brief. (Ex. G). On August 31, 2011, the *Anders* brief, the

---

[1]Hereafter, all references to exhibits will be to those provided at Doc. 23, unless otherwise noted.

[2]*Anders v. State of Cal*., 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

order permitting a *pro se* initial brief and petitioner's *pro se* Initial Brief were stricken, and appellate counsel was given until September 19, 2011, to serve the Initial Brief. (Ex. H). Appellate counsel filed an Amended Initial Brief on September 7, 2011, raising one issue: that petitioner's convictions and sentences must be set aside because the drug statutes under which petitioner was convicted are facially unconstitutional. (Ex. A). Respondent asserts, and petitioner does not dispute, that petitioner's direct appeal is still pending, that petitioner has not filed a motion for postconviction relief in the state court, and that the time for filing a postconviction motion has not yet begun to run. (Doc. 23, pp. 1-2). The First DCA's online docket sheet confirms that petitioner's direct appeal is still pending. (*See* www.1dca.org, case number 1D10-6045).[3]

DISCUSSION

Title 28 U.S.C. § 2254(b)(1) provides:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that –

    (A)  the applicant has exhausted the remedies available in the courts of the State; or

    (B)(i)  there is an absence of available State corrective process; or

    (ii)  circumstances exist that render such process ineffective to protect the rights of the applicant.

Title 28 U.S.C. § 2254(c) provides that: "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this

---

[3]The court takes judicial notice of information on the State of Florida First District Court of Appeal website, *see* www.1dca.org.

section, if he has the right under the law of the State to raise, by any available procedure, the question presented." In order to properly exhaust state remedies, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the state's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S. Ct. 1728, 1732, 144 L. Ed. 2d 1 (1999). Generally, failure to exhaust is grounds for dismissal of the petition. *Keeney v. Tamayo-Reyes*, 504 U.S. 1, 10, 112 S. Ct. 1715, 1720, 118 L. Ed. 2d 318 (1992). Because the record demonstrates that petitioner has not exhausted the remedies available to her in the state courts, this case should be dismissed without prejudice to enable petitioner to satisfy § 2254's exhaustion requirement.

CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The petitioner in this case fails to make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84, 120 S. Ct. 1595, 1603-04, 146 L. Ed. 2d 542 (2000) (explaining the meaning of this term) (citation omitted). Therefore, it is recommended that the Court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides:  "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  Rule 11(a), Rules Governing Section 2254 Cases.  If there is an objection to this recommendation by either party, that party may bring such argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully RECOMMENDED:

1.  That respondent's motion to dismiss (doc. 23) be GRANTED.

2.   That the amended petition for writ of habeas corpus (doc. 6) be DISMISSED WITHOUT PREJUDICE.

3.  That the clerk be directed to close the file.

4.  That a certificate of appealability be DENIED.

At Pensacola, Florida this 30th day of December, 2011.

/s/ *Charles J. Kahn, Jr.*

CHARLES J. KAHN, JR.
UNITED STATES MAGISTRATE JUDGE


NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy hereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).